IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RESEARCH IN MOTION LTD. and RESEARCH IN MOTION CORP., <br><br>            Plaintiff, <br><br> v. <br><br> EASTMAN KODAK COMPANY, <br><br>            Defendant. | Civil Action No. <br><br> Jury Trial Demanded |

# COMPLAINT

Plaintiffs Research In Motion Ltd. ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively "RIM"), by its undersigned attorneys, alleges as follows:

## PARTIES

1.     Plaintiff RIM Ltd. is a corporation organized under the law of Ontario with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

2.     Plaintiff RIM Corp. is a corporation organized under the law of Delaware with its principal place of business at 122 W. John Carpenter Parkway, Irving, TX 75039 within this judicial district.

3.     Founded in 1984, RIM is a leading designer, manufacturer, and marketer of innovative wireless solutions for the worldwide mobile communications market, including the popular Blackberry handheld. With over 8,000 employees, RIM has places of business around the world and in this judicial district, including a facility located at 122 W. John Carpenter Parkway, Irving, TX 75039 and another facility located at 5000 Riverside Dr., Brazos East, Irving, TX 75039. RIM's Irving facilities operate as RIM's most significant U.S. presence with nearly four hundred employees, including many of

RIM's licensing employees, as well as standards, engineering, manufacturing, sales, and marketing employees.

4. Defendant Eastman Kodak Company ("Kodak"), upon information and belief, is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York 14650.

5. Kodak conducts business within and otherwise has extensive contacts within this judicial district. For example, upon information and belief, Kodak has a place of business at 3400 Carlisle St, Dallas, TX 75204. Further, Kodak has numerous other points of sale and contacts within this judicial district.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and under the Declaratory Judgment Act 28 U.S.C. § 2201 *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. Upon information and belief, this Court has personal jurisdiction over Defendant Kodak at least by virtue of its presence within this judicial district and its conducting business within this judicial district.

8. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

9. According to representations by Kodak, and reflected in United States Patent & Trademark Office records or as reflected on the face of the particular patent, Kodak is an owner, with purported enforcement rights, of the following United States Patents: (a) U.S. Patent No. 5,493,335 ("the '335 Patent") entitled "Single Sensor Color Camera with User Selectable Image Record Size," which issued on February 20, 1996; (b) U.S. Patent No. 6,292,218 B1 ("the '218 Patent") entitled "Electronic Camera for

Initiating Capture of Still Images While Previewing Motion Images," which issued on September 18, 2001; (c) U.S. Patent No. 6,600,510 B1 ("the '510 Patent") entitled "Transmitting Digital Images to a Plurality of Selected Receivers Over a Radio Frequency Link," which issued on July 29, 2003; and (d) U.S. Patent No. 5,226,161 ("the '161 Patent") entitled "Integration of Data Between Typed Data Structures by Mutual Direct Invocation Between Data Managers Corresponding to Data Types," which issued on July 6, 1993 (collectively the "Kodak Patents"). True and correct copies of the Kodak Patents are incorporated herein as Exhibits A-D, respectively.

10. Kodak has communicated its belief that various RIM devices ("the Accused Products") allegedly infringe each of the Kodak Patents.

11. In a letter to RIM dated August 16, 2007, Kodak asserted that the Accused Products, including the Blackberry Pearl 8100 and the Blackberry 8700 and 8800 series, infringe various claims of the '218 Patent, the '510 Patent, and the '161 Patent. The letter is incorporated herein as Exhibit E.

12. At the outset of this August 16, 2007 letter, Kodak made allegations of patent infringement where it asserted that it is "the owner of very broad and valuable patent portfolios" and that it was "writing to address Research in Motion's ('RIM') utilization of two such portfolios in its products." According to the letter, these two portfolios included the Kodak Patents subject to this action, namely the '335 Patent, the '218 Patent, the '510 Patent, and the '161 Patent.

13. With respect to the first portfolio, Kodak asserted that it had "executed more than twenty-five royalty-bearing Patent License Agreements with major manufacturers" and "[l]icensing negotiations are currently underway with many others around the world." Turning specifically to RIM, Kodak then asserted that, as an example, "RIM's Blackberry Pearl 8100 device infringes at least one claim of U.S. Patent Nos. 6,292,218 and 6,600,510."

14. The August 16, 2007 letter then addressed the second patent portfolio by noting that a "number of major computer technology companies including Microsoft and Sun Microsystems have taken a license under the [second portfolio]. Further, a number of the [patents in the second portfolio] have been successfully litigated." Again turning to RIM, Kodak asserted that, as another example, "RIM's Blackberry series 8700 and 8800 products infringe at least claim 1 of U.S. Patent No. 5,226,161."

15. After receiving this demand letter from Kodak, RIM met with Kodak at least five times at various locations, including a meeting on August 27, 2008 at RIM's U.S. headquarters in Irving, TX within this judicial district. During these meetings, Kodak provided additional assertions of infringement of the Kodak Patents by the Accused Products. In particular, representatives of Kodak presented infringement claim charts asserting that the Accused Products infringed each of the Kodak Patents, including assertions of infringement of the '335 Patent. At these meetings, Kodak demanded exorbitant royalties from RIM for this alleged infringement.

16. Several of the Kodak Patents have been subject to litigation. For example, on or about July 25, 2007, Kodak initiated a suit in the Eastern District of Texas against Matsushita Electric Industrial, Panasonic Corporation, JVC, and Victor Company of Japan alleging infringement of two of the Kodak Patents subject to this action, namely the '218 and the '335 Patents. The case was styled *Eastman Kodak Company v. Matsushita Electric Industrial Company, Ltd et al*, Case No. 6:07cv352.

17. As a result of Defendant Kodak's written and verbal communications, RIM has an objectively reasonable apprehension that Kodak will sue RIM for alleged infringement of each of the '335 Patent, the '218 Patent, the '510 Patent, and the '161 Patent. RIM denies that the Kodak Patents are enforceable, valid, and/or infringed by the Accused Products.

18. Therefore, there is an actual and justiciable controversy between RIM and Defendant Kodak concerning the validity, enforceability, and/or alleged infringement of the Kodak Patents.

## COUNT I
**(Declaratory Judgment of Invalidity and/or Unenforceability of the '335 Patent)**

19. RIM incorporates by reference the allegations in paragraphs 1 through 18 above.

20. An actual controversy exists between RIM and Kodak concerning whether the '335 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or its enforceability is barred by laches and/or estoppel or limited to the extent that Kodak did not properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice to RIM.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that the claims of the '335 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or that the '335 Patent is unenforceable.

## COUNT II
**(Declaratory Judgment of Non-infringement of
Any Valid and Enforceable Claim of the '335 Patent)**

22. Plaintiff RIM realleges and incorporates by reference paragraphs 1 through 21 above.

23. An actual controversy exists between RIM and Kodak concerning whether RIM's Accused Products directly or indirectly infringe or have infringed any valid claim of the '335 Patent that is enforceable.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that it does not infringe any valid claim of

the '335 Patent that is enforceable, either directly, jointly, contributorily, or by inducement, so that RIM can ascertain its rights and duties with respect to designing, developing, marketing, and selling its products.

## COUNT III
**(Declaratory Judgment of Invalidity and/or Unenforceability of the '218 Patent)**

25. RIM incorporates by reference the allegations in paragraphs 1 through 24 above.

26. An actual controversy exists between RIM and Kodak concerning whether the '218 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or its enforceability is barred by laches and/or estoppel or limited to the extent that Kodak did not properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice to RIM.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that the claims of the '218 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or that the '218 Patent is unenforceable.

## COUNT IV
**(Declaratory Judgment of Non-infringement of Any Valid and Enforceable Claim of the '218 Patent)**

28. Plaintiff RIM realleges and incorporates by reference paragraphs 1 through 27 above.

29. An actual controversy exists between RIM and Kodak concerning whether RIM's accused products directly or indirectly infringe or have infringed any valid claim of the '218 Patent that is enforceable.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that it does not infringe any valid claim of

the '218 Patent that is enforceable, either directly, jointly, contributorily, or by inducement, so that RIM can ascertain its rights and duties with respect to designing, developing, marketing, and selling its products.

## COUNT V
**(Declaratory Judgment of Invalidity and/or Unenforceability of the '510 Patent)**

31. RIM incorporates by reference the allegations in paragraphs 1 through 30 above.

32. An actual controversy exists between RIM and Kodak concerning whether the '510 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or its enforceability is barred by laches and/or estoppel or limited to the extent that Kodak did not properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice to RIM.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that the claims of the '510 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or that the '510 Patent is unenforceable.

## COUNT VI
**(Declaratory Judgment of Non-infringement of Any Valid and Enforceable Claim of the '510 Patent)**

34. Plaintiff RIM realleges and incorporates by reference paragraphs 1 through 33 above.

35. An actual controversy exists between RIM and Kodak concerning whether RIM's Accused Products directly or indirectly infringe or have infringed any valid claim of the '510 Patent that is enforceable.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that it does not infringe any valid claim of the '510 Patent that is enforceable, either directly, jointly, contributorily, or by

inducement, so that RIM can ascertain its rights and duties with respect to designing, developing, marketing, and selling its products.

## COUNT VII
**(Declaratory Judgment of Invalidity and/or Unenforceability of the '161 Patent)**

37. RIM incorporates by reference the allegations in paragraphs 1 through 36 above.

38. An actual controversy exists between RIM and Kodak concerning whether the '161 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or its enforceability is barred by laches and/or estoppel or limited to the extent that Kodak did not properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice to RIM.

39. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that the claims of the '161 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 or that the '161 Patent is unenforceable.

## COUNT VIII
**(Declaratory Judgment of Non-infringement of
Any Valid and Enforceable Claim of the '161 Patent)**

40. Plaintiff RIM realleges and incorporates by reference paragraphs 1 through 39 above.

41. An actual controversy exists between RIM and Kodak concerning whether RIM's Accused Products directly or indirectly infringe or have infringed any valid claim of the '161 Patent that is enforceable.

42. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, RIM requests a declaration by the Court that it does not infringe any valid claim of the '161 Patent that is enforceable, either directly, jointly, contributorily, or by

inducement, so that RIM can ascertain its rights and duties with respect to designing, developing, marketing, and selling its products.

## JURY DEMAND

43. Plaintiff RIM demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, RIM prays for judgment against Defendant Kodak and an order:

- A. Declaring that the Kodak Patents are each unenforceable and/or that the claims of each of the Kodak Patents are invalid;
- B. Declaring that RIM is not infringing, under any theory, any valid claim of the Kodak Patents that might be enforceable;
- C. Preliminarily and permanently enjoining Kodak, its officers, directors, servants, managers, employees, agents, successors and assignees, and all persons in active concert or participation with any of them from directly or indirectly charging RIM with infringement of the Kodak Patents under any theory;
- D. Declaring this case exceptional under 35 U.S.C. § 285;
- E. Awarding RIM its costs and reasonable attorneys' fees; and
- F. Granting RIM such other and further relief as may be just and proper.

Dated: November 20, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Thomas M. Melsheimer*
Thomas M. Melsheimer
Texas Bar No. 13922550
melsheimer@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

OF COUNSEL:
Ruffin B. Cordell
Texas Bar No. 04820550
cordell@fr.com
FISH & RICHARDSON P.C.
1425 K Street N.W., 11th floor
Washington, DC 20005-3500
Telephone: 202-783-5070
Facsimile: 202-783-2331

Attorneys for Plaintiffs
Research in Motion Ltd. and
Research In Motion Corporation