# EXHIBIT A

| **From:** | John McDowell |
| **Sent:** | Sunday, February 14, 2010 12:47 PM |
| **To:** | Thomas H. Reger II |
| **Cc:** | msupko@crowell.com; John McDowell |
| **Subject:** | RE: [RIM/Kodak] Claim Construction Chart |
| **Attachments:** | SF-#204071-v1-Draft_Claim_Construction_Chart_Revised.DOC |

Tom,

Attached is what should be a final Claim Construction Chart.   This reflects  changes to the order of the patents as set forth below and some other changes, the majority of which are on the '161 (including the particular omission set forth below).

If you'd like to include the agreed terms, that's fine with us.   Your rendition of the Local Rules is correct.   I was just not a fan of including the agreed terms in the first instance.   However,  let's do it.

Per my voice mail to you, we will agree to your amending your invalidity contentions, but want a reciprocal agreement as to Kodak's amending its infringement contentions.   Just as Kodak agrees sight unseen to allow RIM to amend its invalidity contentions, so RIM agrees sight unseen to allow Kodak to amend its invalidity contentions.

John


**From:** Thomas H. Reger II [mailto:Reger@fr.com]
**Sent:** Saturday, February 13, 2010 4:28 PM
**To:** McDowell, John
**Cc:** msupko@crowell.com; McDowell, John
**Subject:** RE: [RIM/Kodak] Claim Construction Chart

John,

I think your idea on re-ordering the presentation is a good one.  Please incorporate that into your set of revisions, as well as include the proposed constructions for the means-for term of Element 1(B) and the "means for" phrases being construed.  With respect to the Judge's column, the local rules state that if the parties include agreed terms in the chart, then the Judge's column "must" include the agreed construction (see P.R. 4-5(c)(2)) – it is RIM's preference that these stay in the chart.

On a side note, I did not hear from you on the invalidity contentions after our discussion on Thursday.  Please let me know as soon as possible.

Thank you.
Tom Reger

**From:** McDowell, John [mailto:John.McDowell@klgates.com]
**Sent:** Saturday, February 13, 2010 3:47 PM
**To:** Thomas H. Reger II
**Cc:** msupko@crowell.com; John McDowell
**Subject:** RE: [RIM/Kodak] Claim Construction Chart

Tom,

I've called you to discuss these points, but have not had luck getting you at the office.    With this weather and power outages, I imagine you are hunkered down someplace.

Per my message, we have some changes to the Chart, but are still going through the painstaking process.    We had some big picture issues with the chart as is and wanted to get your thoughts.    That is,

(1) We do not believe we should populate  the "Judge's Construction" column, even with the agreed constructions of the parties. Ultimately, that is a decision for the judge.

(2) We think the order the patents are presented should be rearranged to reflect the general order in which the parties briefed the claim construction issues. For that reason, the claim terms should be presented in the following patent order: '218, '335, '510 and '161.

(3) For all of the means plus function claims, the "means for" phrase should be included as part of the term being construed under the parties' respective proposed construction column. As it is now, this is done inconsistently.  For example, compare '161 Claim 1, Element 1 *with* Claim 1 Element 1(A)(a).

(4) The parties' proposed constructions are missing for '161 Claim 1, Element 1(B).

Please let me know on these issues.

John

---

**From:** Thomas H. Reger II [mailto:Reger@fr.com]
**Sent:** Wednesday, February 10, 2010 9:45 AM
**To:** Supko, Mark
**Cc:** McDowell, John
**Subject:** [RIM/Kodak] Claim Construction Chart


Mark,

Pursuant to the Scheduling Order, the parties must file a claim construction chart by February 15.  While RIM is still reviewing this for completeness, I wanted to provide a draft for discussion purposes only so that Kodak can conduct a concurrent review.  Please let me know if you have any revisions or would like to discuss before the deadline of Monday, February 15.

Thank you.
Tom Reger

**Thomas H. Reger II**
 **Fish & Richardson P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Direct: 214.292.4084
Fax:   214.747.2091
Cell:   214.403.5171
reger@fr.com


*******************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or
matter addressed herein.(FR08-i203d)
*************************************************************************************************************

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential
and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure,
copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me
at John.McDowell@klgates.com.

# EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

## United States Patent No. 6,292,218

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| **An electronic still camera for initiating capture of a still image while previewing motion images on a display,** comprising: | The preamble is a limitation | The preamble is not a limitation. | |
| (a) an image sensor having a two-dimensional array of photosites covered by a mosaic pattern of color filters including at least three different colors for capturing images of a scene, **each captured image having a first number of color pixel values provided in a first color pattern**; | **each captured image having a first number of color pixel values provided in a first color pattern:** "Every image output by the sensor has the same number of pixels arranged in the same color pattern." | **each captured image having a first number of color pixel values provided in a first color pattern:** Kodak does not believe this term requires construction apart from the constructions of the individual terms (see below). However, if the Court is inclined to construe the term, Kodak proposes: Each image of a scene captured by the electronic still camera has a number of color pixel values in a color pattern, as generated by the photosites on the image sensor. | |
| | **captured image:** Defined in conjunction with entire element above. | **captured image:** "an image of a scene captured by the electronic still camera | |
| | **first number of color pixel values:** Defined in conjunction with entire element above. | **first number of color pixel values:** "the number of color pixel values generated by the photosites on the image sensor" | |
| | **first color pattern:** Defined in conjunction with entire element above. | **first color pattern:** "The color pattern of the image as generated by the photosites on the image sensor" | |
| (b) a **motion processor** for **generating** from the captured images, a second number of color pixel values provided in a second color pattern having at least three different colors and representative of a series of motion images to be previewed, the second number of color pixel values being less than the first number of color pixel values, and the second color pattern being different from the first color pattern; | **motion processor:** "A first processor unit, separate from the second processor unit, for motion image processing. **generating:** No construction required. The claim should be given its plain and ordinary meaning. If the Court determines that the term should be construed, then RIM contends: | **motion processor:** "A digital processor that processes a series of motion images." **generating:** "creating" | |

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | "producing" | | |
| (c) a color display for **presenting at least some of the motion images of the series of motion images corresponding to the captured images of the scene**, the color display having an arrangement of color display pixels including at least three different colors in a pattern different from the first color pattern; | **presenting at least some of the motion images of the series of motion images corresponding to the captured images of the scene:**<br><br>"Displaying the motion images to the camera's user at a rate sufficient to provide good motion rendition and eliminate display flicker." | **presenting at least some of the motion images of the series of motion images corresponding to the captured images of the scene:**<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>Displaying in color at least some of the motion images corresponding to the captured images of the scene. | |
| (d) a capture button for initiating **capture of a still image while previewing the motion images** presented on the color display; | **capture of a still image while previewing the motion images:**<br><br>"capture of a still image without interrupting the display of motion images"<br>▪ This term also appears in the preamble. | **capture of a still image while previewing the motion images:**<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. | |
| (e) a **still processor** for generating a third number of color pixel values including at least three different colors representative of a captured still image; and | **still processor:**<br><br>"A second processor unit, separate from the first processor unit, for still image processing that operates on the motion images.<br><br>The still processor performs image processing at the same time as the motion processor." | **still processor:**<br><br>"A digital processor that processes a captured still image." | |
| (f) a digital memory for storing the processed captured still image. | | | |

## United States Patent No. 5,493,335

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| 1. An electronic camera adapted for processing images of different resolution, said camera comprising: | | | |
| an image sensor for generating a **baseband image signal representative of color image pixels** arranged in vertical and horizontal directions as obtained from a two-dimensional array of photosites covered by a pattern of luminance and chrominance color filters; | **baseband image signal**: <br><br> A color image signal generated by the image sensor that directly corresponds to the sensor's array of photosites (*e.g.*, the signal has not been processed)[1] | **baseband image signal** <u>representative of color image pixels</u>: <br><br> Image data values that have not undergone image compression, each of which represents a color image pixel | |
| **a buffer memory having sufficient capacity for storing the color image pixels as baseband signals corresponding to at least one image;** | **buffer memory having sufficient capacity for storing the color image pixels as baseband signals corresponding to at least one image:** <br><br> "A temporary storage device for storing baseband image signals and that is large enough to store a full image (or frame)." <br><br> ▪ This term also appears in claim 12. | **buffer memory having sufficient capacity for storing the color image pixels as baseband signals corresponding to at least one image:** <br><br> "Memory for temporary storage having sufficient capacity to store baseband signals corresponding to at least one color image" <br><br> ▪ This term also appears in claim 12. | |
| an **output memory**, connected subsequent to the buffer memory, for storing **processed image signals obtained from the buffer memory;** | **Output memory (agreed):** <br><br> "a persistent memory distinct from the buffer memory" <br><br> **processed image signals obtained from the buffer memory:** <br><br> Image signals taken from the buffer memory that have been subjected to image formatting (*e.g.*, color conversion, subsampling, compression, *etc.*). | **Output memory (agreed):** <br><br> "a persistent memory distinct from the buffer memory" <br><br> **processed image signals obtained from the buffer memory:** <br><br> Image signals taken from the buffer memory that are subjected to image compression. | **Output memory:** <br> "a persistent memory distinct from the buffer memory" |
| a resolution mode switch for **selecting a pixel resolution of the image by specifying an order in which the color image pixels are selected for storage in both vertical and horizontal directions**, said order including a **full resolution mode in which all color image pixels are selected** and at least one **reduced resolution mode in which less than all color image pixels are selected;** | **selecting a pixel resolution of the image by specifying an order in which the color image pixels are selected for storage in both vertical and horizontal directions:** <br><br> Choosing a resolution mode that determines a two-dimensional selection pattern of the pixels output from the image sensor for storage | **selecting a pixel resolution of the image by specifying an order in which the color image pixels are selected for storage in both vertical and horizontal directions:** <br><br> Setting the resolution of the image by determining the number of color image pixels in the vertical and horizontal directions | |

---

[1]      In the alternative, RIM proposes that the more precise limitation be construed, namely "a baseband image signal representative of color image pixels … as obtained from a two-dimensional array of photosites."

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | **full resolution mode in which all color image pixels are selected**: An operating mode that selects every pixel output from the sensor for storage. | **full resolution mode in which all color image pixels are selected**: A mode with the largest number of color image pixels selectable by the user | |
| | **reduced resolution mode in which less than all color image pixels are selected**: An operating mode that selects less than every pixel output from the sensor for storage. | **reduced resolution mode in which less than all color image pixels are selected**: Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. However, if the Court is inclined to construe the term, Kodak proposes: A mode with fewer than the largest number of color image pixels selectable by the user. | |
| **a controller responsive to the pixel resolution selected by the resolution mode switch for accordingly changing the number of horizontal and vertical pixels that represent the image**, said controller effecting a **subsampling of the color image pixels for the reduced resolution mode**; and | **a controller responsive to the pixel resolution selected by the resolution mode switch for accordingly changing the number of horizontal and vertical pixels that represent the image**: Control logic responsive to the resolution mode that causes a change in the number of selected color image pixels in the horizontal and vertical directions that represent the image. | **a controller responsive to the pixel resolution selected by the resolution mode switch for accordingly changing the number of horizontal and vertical pixels that represent the image**: Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. However, if the Court is inclined to construe the term, Kodak proposes: Control logic responsive to the selected pixel resolution that causes a change in the number of color image pixels in the horizontal and vertical directions that represent the image in response to the selected pixel resolution. The control logic reduces the number of color image pixels by pixel selection, averaging of pixel values, or a combination thereof. | |

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION CHART – Page 4 of 17**          Pl. App. No. 7

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | **subsampling of the color image pixels for the reduced resolution mode**: <br><br> Reducing the image by choosing selected pixels from all of the image pixels generated by the image sensor. | **subsampling of the color image pixels**: <br><br> Reducing the number of color image pixels by pixel selection, averaging of pixel values, or a combination thereof. | |
| **means for storing the selected color image pixels in said output memory, whereby said output memory is able to store more images in said reduced resolution mode than in said full resolution mode.** | **means for storing the selected color image pixels in said output memory, whereby said output memory is able to store more images in said reduced resolution mode than in said full resolution mode:** <br><br> The parties agree that the first clause of this term is governed by 35 U.S.C. § 112(6), but disagree as to the whereby clause. <br><br> <u>Function</u>: "storing the selected color image pixels in said output memory" **(AGREED)** <br><br> <u>Corresponding Structure</u>: MPU 82, DSP 64, latch and decode 84, address and control lines for memory 66, and timing generator 80. <br><br> RIM believes that the whereby clause limits the means-plus-function element. | **means for storing the selected color image pixels in said output memory, whereby said output memory is able to store more images in said reduced resolution mode than in said full resolution mode:** <br><br> The parties agree that the first clause of this term is governed by 35 U.S.C. § 112(6), but disagree as to the whereby clause. <br><br> <u>Function</u>: "storing the selected color image pixels in said output memory" **(AGREED)** <br><br> <u>Corresponding Structure</u>: A latching and decoding circuit. <br><br> The whereby clause is not part of the means-plus-function element, but instead further describes the output memory.  As such it is not subject to 35 U.S.C. § 112, ¶ 6. <br><br> Kodak does not believe the whereby clause requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes: <br><br> The output memory can store more images in the reduced resolution mode than in the full resolution mode. | <u>Function</u>: "storing the selected color image pixels in said output memory" <br><br> <u>Corresponding Structure</u>: |
| **CLAIM 12** | | | |
| 12. An electronic camera adapted for processing images of different resolution, said camera comprising: | | | |
| an image sensor for generating a **baseband image signal <u>representative of color image pixels</u>** arranged in vertical and horizontal directions as obtained | **baseband image signal**: <br><br> A color image signal generated by the image sensor that directly corresponds to the sensor's array | **baseband image signal <u>representative of color image pixels</u>:** <br><br> image data values that have not | |

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| from a two-dimensional array of photosites covered by a checkerboard pattern of luminance and chrominance color filters in which each luminance image pixel is horizontally and vertically adjoined by a chrominance image pixel; | of photosites (*e.g.*, the signal has not been processed).[2] | undergone image compression, each of which represents a color image pixel | |
| a **buffer memory having sufficient capacity for storing the color image pixels as baseband signals corresponding to at least one image;** | **buffer memory having sufficient capacity for storing the color image pixels as baseband signals corresponding to at least one image:**<br><br>A temporary storage device for storing baseband image signals and that is large enough to store a full image (or frame).<br><br>■    This term also appears in claim 1. | **buffer memory having sufficient capacity for storing the color image pixels as baseband signals corresponding to at least one image:**<br><br>Memory for temporary storage having sufficient capacity to store baseband signals corresponding to at least one color image.<br><br>■    This term also appears in claim 1. | |
| a signal processor for generating a processed image signal by compressing the baseband image signal stored in said buffer memory; and | | | |
| a resolution mode switch for selecting a pixel resolution mode of the image selected for compression, said resolution modes including a **full resolution mode in which all color image pixels are processed for compression** and at least one reduced resolution mode in which less than all color image pixels are produced by **averaging at least some of the color image pixels before compression.** | **full resolution mode in which all color image pixels are processed for compression:**<br><br>An operating mode that compresses every pixel output from the sensor. | **full resolution mode in which all color image pixels are processed for compression:**<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>A mode in which the largest number of color image pixels selectable by the user are compressed. | |
| | **averaging at least some of the color image pixels before compression:**<br><br>Creating new pixels by calculating a mean of a larger number of pixels output from the sensor. | **averaging at least some of the color image pixels before compression:**<br><br>Creating a color pixel value based on two or more color pixel values. | |

---

[2]      In the alternative, RIM proposes that the more precise limitation be construed, namely "a baseband image signal representative of color image pixels … as obtained from a two-dimensional array of photosites."

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION CHART – Page 6 of 17**

# United States Patent No. 6,600,510

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| **A method for <u>transmitting a digital image from a handheld digital camera to a plurality of selected receiver units over a radio frequency link</u>,** comprising the steps of: | "Step 'a' is performed before step 'b', which is performed before step 'c'. Also, step 'd' is performed before step 'e', which is performed before step 'f'. **(AGREED)** | "Step 'a' is performed before step 'b', which is performed before step 'c'. Also, step 'd' is performed before step 'e', which is performed before step 'f'. **(AGREED)** | Order of the Method Steps:<br><br>"Step 'a' is performed before step 'b', which is performed before step 'c'. Also, step 'd' is performed before step 'e', which is performed before step 'f'. |
| | The preamble is a limitation | Only the "handheld digital camera" element in the preamble is a limitation. | |
| | <u>transmitting a digital image from a handheld digital camera to a plurality of selected receiver units over a radio frequency link</u>:<br><br>"Providing an image signal from the handheld device to at least two devices chosen to receive digital images over a single wireless communication connection" | <u>transmitting a digital image from a handheld digital camera to a plurality of selected receiver units over a radio frequency link</u>:<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>Sending digital image data from a handheld digital camera to a plurality of selected receiver units over a radio frequency link. | |
| (a) providing said handheld digital camera including: (i) an image sensor for capturing at least one image; (ii) an A/D converter for producing digital image data from each captured image; (iii) a memory for storing the digital image data for at least one captured image; and (iv) **a transceiver for transmitting the stored digital image data via radio frequency transmission**; | **a transceiver for transmitting the stored digital image data via radio frequency transmission**:<br><br>"A component or subsystem that can both send and receive data, which sends the stored digital image data via radio frequency transmission"  **(AGREED)** | **a transceiver for transmitting the stored digital image data via radio frequency transmission**:<br><br>"A component or subsystem that can both send and receive data, which sends the stored digital image data via radio frequency transmission"  **(AGREED)** | **a transceiver for transmitting the stored digital image data via radio frequency transmission**:<br><br>"A component or subsystem that can both send and receive data, which sends the stored digital image data via radio frequency transmission" |
| (b) capturing an image using the image sensor; | | | |
| (c) storing digital image data corresponding to the captured image in the memory; | | | |
| (d) <u>selecting a plurality of receiver units</u> that are to receive the stored digital image data; | **receiver unit**:<br><br>"A device that receives digital image data"  **(AGREED)** | **receiver unit**:<br><br>"A device that receives digital image data"  **(AGREED)** | **receiver unit**:<br><br>"A device that receives digital image data" |
| | <u>selecting a plurality of **receiver units** that are to receive the stored digital image data</u>:<br><br>"Specifying an identifier or address for each of a plurality of devices to receive the stored digital image data"  **(AGREED)** | <u>selecting a plurality of **receiver units** that are to receive the stored digital image data</u>:<br><br>"Specifying an identifier or address for each of a plurality of devices to receive the stored digital image data"  **(AGREED)** | <u>selecting a plurality of **receiver units** that are to receive the stored digital image data</u>:<br><br>"Specifying an identifier or address for each of a plurality of devices to receive the stored digital image data" |
| (e) using the transceiver to | | | |

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| transmit the stored digital image data and a header identifying each of the selected receiver units; and | | | |
| (f) **receiving the transmitted digital image data and the header, and providing the transmitted digital image data to each of the selected receiver units, <u>whe[r]ein the digital image data is transmitted once from the handheld digital camera, and is simultaneously provided to at least two different receiver units</u>.** | **receiving the transmitted digital image data and the header, and providing the transmitted digital image data to each of the selected receiver units:**<br><br>"Receiving the wireless image signal and the identifiers for the chosen receiver devices from the handheld device and then supplying the image data wirelessly to two or more chosen receiver devices" | **receiving the transmitted digital image data and the header, and providing the transmitted digital image data to each of the selected receiver units:**<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>Receiving the transmitted digital image data and the header, and providing the transmitted digital image data to the specified receiver units. | |
| | **<u>whe[r]ein the digital image data is transmitted once from the handheld digital camera, and is simultaneously provided to at least two different receiver units</u>:**<br><br>"A single wireless image signal is communicated from the handheld device and then supplying the image data wirelessly to two or more chosen receiver devices at the same time.<br><br>The wherein clause limits at least steps "e" and "f." | **<u>whe[r]ein the digital image data is transmitted once from the handheld digital camera, and is simultaneously provided to at least two different receiver units</u>:**<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>The digital image data is sent from the handheld digital camera once, and is provided to at least two different receiver units at the same time. | |

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION CHART – Page 9 of 17**

Pl. App. No. 12

United States Patent No. 5,226,161

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| 1. A **data processing system** having **processing means for performing operations with respect to a multiplicity of different types of data** and wherein the data is contained in data structures, the system comprising: | The preamble is a limitation | Only the "processing means" element in the preamble is a limitation | |
| | **data processing system**: "an object-based computer that does not utilize a central, operating system type object management system. | **data processing system**: Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. However, if the Court is inclined to construe the term, Kodak proposes: A computer system for performing operations on data. | |
| | **processing means for performing operations with respect to a multiplicity of different types of data** is governed by 35 U.S.C. § 112(6). Function: "performing operations with respect to a multiplicity of different data types" **(AGREED)** Corresponding Structure: CPU 116 executing object managers 124 separately stored in memory space 110 (comprising main memory 112 and mass storage memory 114). | **processing means for performing operations with respect to a multiplicity of different types of data** is governed by 35 U.S.C. § 112(6). Function: "performing operations with respect to a multiplicity of different data types" **(AGREED)** Corresponding Structure: One or more central processing units (CPUs) or processors in a computer system. | "processing means for performing operations with respect to a multiplicity of different types of data" is governed by 35 U.S.C. § 112(6). Function: "performing operations with respect to a multiplicity of different data types" Corresponding Structure: |
| (A) a plurality of **programs**, executed by said processing means, for performing **operations with respect to the different types of data**, each program including | **program**: Independent object managers that each manipulate a corresponding type of data. | **program**: A set of statements that can be submitted as a unit to a computer system and used to direct the behavior of the system. Programs are also known as "object managers," "editors," "application programs," or "applications | |
| | **operations with respect to the different types of data**: "Manipulating the respective data object according to the data object's type. The first and second types of data must be different." | **operations with respect to the different types of data**: Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. However, if the Court is inclined to construe the term, Kodak proposes: Actions that can be performed with respect to the different types of data. | |

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| (a) a means for performing at least one **operation with respect to at least one corresponding type of data, the means for performing at least one operation being responsive to a request** to perform an operation of the at least one operation with respect to identified data of the corresponding type for **performing the requested operation with respect to the identified data.** | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "performing at least one operation with respect to at least one corresponding type of data" **(AGREED)**<br><br>Corresponding Structure: RIM asserts that this claim is indefinite at least because no structure is disclosed by the '161 patent that is clearly linked to the claimed function and is part of the claimed "each program" such that it is responsive to "a request to perform an operation of the at least one operation with respect to identified data of the corresponding type for performing the requested operation with respect to the identified data."<br><br>To the extent that the '161 patent links structure to the claimed function, RIM proposes the following:<br><br>In response to a request to perform an operation of the at least one operation with respect to identified data of the corresponding type for performing the requested operation with respect to the identified data, the algorithm implemented by the object manager 124 and its Applications Pack (APPACK) 218. | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function:  "performing at least one operation with respect to at least one corresponding type of data" **(AGREED)**<br><br>Corresponding Structure:  **The disclosed structure is instructions contained in or available to an object manager (for example, a word processor, spreadsheet program or other application) that directly or indirectly performs the requested operation on the identified data.**[3]<br><br>These object manager instructions may perform the requested operation by calling subroutines within the object manager, calling subroutines in libraries available to the system, requesting another program to perform the operation, calling an operating system kernel function, or some combination of the foregoing.<br><br>These object manager instructions implement at least the following general algorithm in response to the request: (1) perform initialization processing, such as identifying the operation to be performed and/or the typed data to be operated upon (for example, by calling APinit); (2) access the typed data; and (3) cause the operation to be completed in response to the request (for example, a request issued via an APPACK routine). | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function:  "performing at least one operation with respect to at least one corresponding type of data" **(AGREED)**<br><br>Corresponding Structure: |
| | **operation with respect to at least one corresponding type of data**:<br><br>"Manipulating the respective data object according to the data object's type. | **operation with respect to at least one corresponding type of data**:[4]<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and | |

---

[3]   Kodak believes the text in bold is the only identification of disclosed structure that needs to be included in the Court's construction of this term, consistent with the requirements of 35 U.S.C. § 112, ¶ 6.  In view of RIM's definiteness challenge, Kodak submits that the additional text may be included in the Court's discretion.

[4]   RIM has proposed a single construction for a variety of different claim terms.  In essence, Kodak contends that an "operation" is an "action," and the construction for any particular term should accurately reflect what the claim element recites as being acted upon.

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | The first and second types of data must be different." | ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>Actions that can be performed with respect to the different types of data. | |
| | **being responsive to a request . . . performing the requested operation with respect to the identified data**:<br><br>"The object manager performs the requested operation on data identified according to Claim 1(A)(b), where the performed operation is based on the received request according to Claim 1(A)(c)." | **being responsive to a request . . . performing the requested operation with respect to the identified data**:<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. However, if the Court is inclined to construe the term, Kodak proposes:<br><br>The program performs the operation in response to a request. | |
| the means for performing at least one operation being responsive to **a request to perform an operation of the at least one operation with respect to identified data of the corresponding type** for performing the requested operation with respect to the identified data, | **a request to perform an operation of the at least one operation with respect to identified data of the corresponding type**:<br><br>"An incoming request from another object manager, according to Claim 1(A)(c), the request including an identification of data of the corresponding type of data for the object manager and at least one operation to be performed by the object manager with respect to the identified data." | **a request to perform an operation of the at least one operation with respect to identified data of the corresponding type**:<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>A request to perform an operation with respect to identified data of a type that the program is capable of operating on. | |
| (b) **means for identifying a reference to a second type of data in a _data structure_ containing a first type of data**, | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "identifying a reference to a second type of data in a data structure containing a first type of data" **(AGREED)**<br><br>Corresponding Structure: The algorithm implemented by the object manager's APPACK 218. | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "identifying a reference to a second type of data in a data structure containing a first type of data" **(AGREED)**<br><br>Corresponding Structure: Instructions contained in or available to a program that, in the course of reading data in a data structure of a first type, can recognize a reference to data of a second type.  The reference may be a link or link marker (for example, an escape sequence) included in the data. | Governed by 35 U.S.C. § 112(6).<br><br>Function: "identifying a reference to a second type of data in a data structure containing a first type of data"<br><br>Corresponding Structure: |

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION CHART – Page 12 of 17**

Pl. App. No. 15

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | ***data structure***:<br><br>"An object has with an internal structure defined by and able to be manipulated by its corresponding object manager(s)."[5] | ***data structure***:<br><br>"An object containing data with an internal structure defined by and able to be manipulated by its corresponding program(s), and designated by a type identifier that does not point, directly or indirectly, to code used to perform operations on the object." | |
| | **reference to a second type of data in a *data structure* containing a first type of data:**<br><br>"A link marker that is stored in a typed data object to indicate the presence of another type of typed data object, where the link marker must include a unique link identifier that enables retrieval of a record from the link table 262." | **reference to a second type of data in a *data structure* containing a first type of data:**<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>A reference to a second type of data in a data structure containing a first type of data.  The reference may be a link or a link marker (for example, an escape sequence) included in the data. | |
| (c) means responsive to the identification of a reference to a second type of data for generating a request for an **operation with respect to the second type of data**, each request including ***an identification of the second type of data*** and at least one operation to perform with respect to the second type of data, | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "generating a request for an operation with respect to the second type of data" **(AGREED)**<br><br>Corresponding Structure: RIM asserts that this claim is indefinite because no structure is disclosed by the '161 patent that is clearly linked to the claimed function and is part of the claimed "each program."<br><br>To the extent that the '161 patent links structure to the claimed function, RIM proposes the following:<br><br>After accessing the link table 262 using the identified link marker for the second typed data object, the algorithm implemented by the object manager's APPACK 218, so that every request includes an | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "generating a request for an operation with respect to the second type of data" **(AGREED)**<br><br>Corresponding Structure: Instructions or available to a program that generate a request in response to the identification of a reference to a second type of data, the request being issued either directly (for example, by making an operating system kernel call) or indirectly (for example, by calling an invocation service routine, such as APinvoke or another APPACK-type routine).  Each request includes an identification of the second type of data and an operation to perform with respect to the second type of data. | Governed by 35 U.S.C. § 112(6).<br><br>Function: "generating a request for an operation with respect to the second type of data"<br><br>Corresponding Structure: |

---

[5]     If the Court determines that the object must be designated by a "type identifier," then RIM agrees with Kodak that the type identifier is not used to point, directly or indirectly, to code used to perform operations on the object.

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | identification of the second type of data and at least one operation to perform with respect to the second type of data. | | |
| | **operation with respect to the second type of data**: "Manipulating the respective data object according to the data object's type. The first and second types of data must be different." | **operation with respect to the second type of data**: Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning. However, if the Court is inclined to construe the term, Kodak proposes: Actions that can be performed with respect to the different types of data. | |
| | | | |
| each request including **an identification of the second type of data** and at least one operation | **an identification of the second type of data**: | **an identification of the second type of data**: | |

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION CHART – Page 14 of 17**          Pl. App. No. 17

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| to perform with respect to the second type of data, | "The unique object type identifier for a typed data object of another data type." | Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>A label or other data that identifies the second type of data either directly or through reference to a database, and does not point to code used to perform operations on the data. | |
| (B) means for receiving from a **requesting program** an identification of a second type of data. | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "receiving from a requesting program an identification of a second type of data" **(AGREED)**<br><br>Corresponding Structure: The algorithm implemented by the Application Manager 194 via APPACK 218 to process each request generated according to Claim 1(A)(c). | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "receiving from a requesting program an identification of a second type of data" **(AGREED)**<br><br>Corresponding Structure: A set of invocation service routines (for example, APinvoke(), APrqedit, or other APPACK-type routines) that receive requests via arguments passed to them when called.  The invocation service routines may act as intermediaries for an application manager which ultimately receives the request. | Governed by 35 U.S.C. § 112(6).<br><br>Function: "receiving from a requesting program an identification of a second type of data"<br><br>Corresponding Structure |
| | requesting program:<br><br>"The object manager that generates the particular request according to Claim 1(A)(c).  The 'means for receiving…' is distinct from the 'requesting program.'" | requesting program:<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>A program that issues a request. | |
| (C) means for using the received identification of the second type of data to identify a program that includes a means for performing the least one **operation upon the identified second type of data**, and | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "using the received identification of the second type of data to identify a program that includes a means for performing the least one operation upon the identified second type of data" **(AGREED)**<br><br>Corresponding Structure: The object type table 254, object manager table 256, and object prototype table 258 (collectively the system database 250, as | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "using the received identification of the second type of data to identify a program that includes a means for performing the least one operation upon the identified second type of data" **(AGREED)**<br><br>Corresponding Structure: A set of invocation service routines (for example, APinvoke(), APrqedit(), or other APPACK-type routines) and/or an application manager | Governed by 35 U.S.C. § 112(6).<br><br>Function: "using the received identification of the second type of data to identify a program that includes a means for performing the least one operation upon the identified second type of data"<br><br>Corresponding Structure: |

| Complete Language of Disputed Claims | RIM's Proposed Construction | Kodak's Proposed Construction | Judge's Construction |
|---|---|---|---|
| | managed by relational database system 188)[6] searched by the Application Manager 194 using only the object ID (identified from the link table 262).<br><br>The database is persistent. | that use the identification of the second type of data to search a database (for example, an object manager table) for information that identifies a program capable of performing the requested operation on the identified second type of data | |
| (D) means for invoking the **identified program** and communicating to the **identified program** the identification of the second type of data, | Governed by 35 U.S.C. § 112(6 **(AGREED)**).<br><br>Function: "invoking the identified program and communicating to the identified program the identification of the second type of data" **(AGREED)**<br><br>Corresponding Structure: The algorithm implemented by APPACK 218 and Application Manager 194.[7] | Governed by 35 U.S.C. § 112(6) **(AGREED)**.<br><br>Function: "invoking the identified program and communicating to the identified program the identification of the second type of data" **(AGREED)**<br><br>Corresponding Structure: Software that provides at least one of the following mechanisms: (a) a set of application invocation routines (for example, APinvoke(), APrqedit, APinit or other APPACK-type routines), (b) application invocation routines in combination with an application manager, or (c) operating system kernel routines. These mechanisms invoke the identified program and communicate the identification of the second type of data to it. | Governed by 35 U.S.C. § 112(6).<br><br>Function: "invoking the identified program and communicating to the identified program the identification of the second type of data"<br><br>Corresponding Structure: |
| | **identified program**:<br><br>"The object manager identified using the object ID according to Claim 1(C). The 'means for invoking…' is distinct from the 'identified program.'" | **identified program**:<br><br>Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>The program identified to operate on the second type of data. | |
| **wherein a program can both request invocation of other programs and can itself be invoked by other programs**. | This wherein clause limits the programs identified above.  As such, RIM's construction is provided above in conjunction with the "programs…for performing operations" term:<br><br>where every object manager is mutually capable of i) directly starting or activating other object managers and ii) being directly started or activated by other object managers.[8] | Kodak does not believe this term requires construction, and should instead be accorded its plain and ordinary meaning.  However, if the Court is inclined to construe the term, Kodak proposes:<br><br>Each program can request that other programs be activated, and can itself be activated as a result of requests by other programs. | |

---

[6]

[7]    RIM proposes that the "means for" elements of Claim 1(B), 1(C), and 1(D) are separate from the plurality of programs in Claim 1(A).

[8]    Each program (object manager) must include all of the structures identified in Claim 1(A) (a) – (c).

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION CHART – Page 16 of 17**                    Pl. App. No. 19