# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RESEARCH IN MOTION LTD. AND RESEARCH IN MOTION CORP., <br><br> Plaintiff(s), <br><br> v. <br><br> EASTMAN KODAK COMPANY, <br><br> Defendant. | Civil Action No. 3:08-cv-02075-K <br><br> Jury Trial Demanded |

## PLAINTIFF RIM'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO KODAK

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs and Counterclaim Defendants Research In Motion Ltd. ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively "RIM") hereby request that Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") produce for inspection and copying each of the documents and things falling within the categories specified in the individually numbered requests below, in accordance with the definitions and instructions contained herein.

Production shall take place within 30 days of service of these requests at the offices of Fish & Richardson P.C., 1717 Main Street, Suite 5000, Dallas, Texas 75201 or at such other date and place as is mutually agreeable. Kodak is subject to a duty to timely supplement all responses to these requests for production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Kodak," "Defendant," "You," and "Your" shall mean Eastman Kodak Company and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and

assigns of each of the foregoing, and all officers, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

2.  The term "Litigation" means civil action number 3:08-cv-02075-K, filed in the Northern District of Texas, captioned Research In Motion Ltd. v. Eastman Kodak Company.

3.  The term "Patents-in-Suit" shall refer collectively and individually to (a) U.S. Patent No. 5,493,335 ("the '335 patent"); (b) U.S. Patent No. 6,292,218 B1 ("the '218 patent"); (c) U.S. Patent No. 6,600,510 B1 ("the '510 patent"); and (d) U.S. Patent No. 5,226,161 ("the '161 patent").

4.  The term "Related Patents" shall refer collectively and individually to (a) all United States or foreign patents and applications related to or claiming priority to or from any of the applications that led to any of the Patents-in-Suit, including parent applications, continuations, continuations in part, divisionals, reissues, reexaminations, and foreign counterparts; and (b) all United States or foreign patents and applications that you contend relate to or provide the basis for priority for the applications that led to any of the Patents-in-Suit, including parent applications, continuations, continuations in part, divisionals, reissues, reexaminations, and foreign counterparts.

5.  The term "Patents-at-Issue" shall refer collectively and individually to any of the Patents-in-Suit or Related Patents.

6.  The term "prior art" has the same meaning used in 35 U.S.C. § 101 et seq., and includes any patent, printed publication, knowledge, use, sale, offer for sale or other act or event defined in 35 U.S.C. § 102 or § 103, taken singularly or in combination. Thus, for example, prior art includes information, knowledge, documents, and things concerning the subject matter

of the Patents-at-Issue that were made or existed in the United States or abroad before the respective filing dates of the Patents-at-Issue.

7. The term "Wang" means Wang Laboratories, Inc., including, but not limited to, all predecessors and acquired entities, subsidiaries, successors, parents, assigns and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities, and others involved with the '161 patent or activities associated therewith.

8. The term "inventor" means any one or more of the inventors of the subject matter claimed in one or more of the Patents-in-Suit.

9. The term "document" or "documents" shall have the same scope as in Federal Rule of Civil Procedure 26, and include, without limitation, originals, masters and every non-identical copy of writings and printed, typed and other graphic or photographic matter, including microfilm of any kind or nature, recordings (tape, disc or other) of oral communications, and other data compilations from which information can be obtained, in the possession, custody or control of Kodak or any present or former officers, employees or agents thereof, or known by Kodak to exist. The term "document" or "documents" shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes to the files, notebooks, reports, memoranda, mechanical and electronic sound records or transcripts thereof, blueprints, flow sheets, formal or informal drawings or diagrams, products, prototypes, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, studies, reports, interoffice communications, price lists, bulletins, circulars, statements, manuals, summaries of compilations, minutes of meetings, maps, charts, graphs, order papers, articles, announcements, books, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices or bills. A draft or non-identical copy is a separate document within the meaning of this term.

10. The term "thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of RIM.

11. A request for a "document" shall be deemed to include a request for a "thing." A request for a "thing" shall be deemed to include a request for a "document."

12. The term "individual" means a natural person.

13. The term "person" means any individual(s) in any capacity whatsoever or any entity or organization including divisions, subsidiaries, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

14. The term "communication" means all written, electronic, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, facsimiles, advertisements, computer mail, e-mail, and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

15. The term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

16. The terms "relating to" and "referring to" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, supports, reflects, mentions, identifies, states, deals with, comments on, responds to, described, or analyzes the subject.

17. The term "third-party" means any person or entity other than RIM or Kodak.

18. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The use of the singular form of any word includes the plural and vice versa.

20. The terms "identify" or "identity" when used in connection with an individual means: state the individual's full name; his or her home and business addresses; his or her present employer; his or her position, title, or job description; and, if employed by you, the individual's dates and regular places of employment, and general duties.

21. The terms "identify" or "identity" when used in connection with a company, corporation, association, partnership, joint venture, or any entity other than a natural person means: state its full name and type of organization or entity; state the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

22. The terms "identify" or "identity" when used in connection with an oral statement means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and, if the statement was memorialized in writing or mechanical or other recording, the date and present location of said writing or mechanical or other recording.

23. The terms "identify" or "identity" when used in connection with a written document or statement means: state the name of the author; the type of document or writing; the date; the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed; the subject matter; and the present location. In lieu of such

identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer.

24. Any term not specifically defined herein shall be given its ordinary and customary meaning.

## INSTRUCTIONS

1. These requests shall apply to all items (e.g., documents or things) in your possession, custody, or control and/or the possession, custody, or control of any of your employees, agents, corporations, parent or subsidiary corporations, and/or divisions or affiliates. All documents within the possession of your experts, consultants, and/or contractors should be consulted and provided if responsive.

2. If you know of the existence, past or present, of any items requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall provide a written statement setting forth:

    (a)    the identity of the item;

    (b)    the nature of the item (e.g., letter, memorandum, or chart);

    (c)    the identity of the person(s) who created (e.g., authored) the item;

    (d)    the identity of any person who received a copy of the item;

    (e)    the date of the item;

    (f)    a brief description of the subject matter of the item; and

    (g)    the identity of any person who has possession, custody, or control of the item.

3. If no documents are responsive to a particular request, state that no responsive documents exist.

4. For any responsive items (e.g., documents or things) that have been lost, destroyed, withheld from production, or redacted, based on any ground, you shall provide a written statement setting forth:

    (a) the identity of the item;

    (b) the nature of the item (e.g., letter, memorandum, or chart);

    (c) the identity of the persons(s) who created (e.g., authored) the item;

    (d) the identity of any person who received a copy of the item;

    (e) the date of the item;

    (f) a brief description of the subject matter of the item; and

    (g) the circumstances of the loss or destruction of the item or any fact, statute, rule, or decision upon which you rely in withholding or redacting the item.

5. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

    (a) to disclose the facts upon which you rely in asserting your claim;

    (b) to permit the grounds and reasons for withholding the information to be identified unambiguously; and

    (c) to permit the information withheld to be identified unambiguously.

6. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.

7. You shall keep and produce a record of the source of each document produced. This shall include the name and location of the file where each document was located and the name of the person, group, or department having possession, custody, or control of each document.

## DOCUMENTS TO BE PRODUCED

1. Identify and produce all documents and things identified in any Kodak response or supplemental response to any of RIM's interrogatories in this Litigation, including, but not limited to, any documents and things used or relied upon in the preparation of responses or supplemental responses to any such interrogatories.

2. Identify and produce all settlement agreements, licenses, and covenants-not-to-sue relating to one or more of the Patents-at-Issue.

3. Identify and produce all documents and things relating to any agreement that terminated any contested proceeding, or any threatened contested proceeding, relating to one or more of the Patents-at-Issue.

4. Identify and produce all documents referring or relating to RIM.

5. For each patent-infringement defendant in other suits or proceedings brought by Kodak under one or more of the Patents-at-Issue, identify and produce all documents and things relating to any agreement between such defendant and Kodak.

6. Identify and produce all documents and things relating to all comparisons, reports, analyses, considerations, studies, investigations, or evaluations relating to the value of one or more of the Patents-at-Issue.

7. Identify and produce all documents and things relating to Kodak's claims for damages in this Litigation.

8. Identify and produce all documents and things relating to any calculations or computations of damages considered or conducted by Kodak relating to an appropriate royalty to be paid to Kodak for any rights to one or more of the Patents-at-Issue.

9. For each claim of the Patents-in-Suit, identify and produce all documents and things relating to any opinion, evaluation, study, or investigation of a reasonable royalty for such claim, including, but not limited to, all documents and things relating to the factors set forth in Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

10. Identify and produce documents and things sufficient to show all patent licensing policies or practices of Kodak.

11. Identify and produce all documents and things relating to any royalties or other compensation paid or to be paid to Kodak in connection with any license, transfer, or assignment of any right or interest in or to one or more of the Patents-at-Issue, and identify and produce all documents and things relating to the method used to calculate such royalty payments or other payments.

12. Identify and produce all documents relating to testing, experimentation, research, or development of any subject matter shown, described, or claimed in one or more of the Patents-at-Issue.

13. For each claim of the Patents-in-Suit, identify and produce all documents and things relating to the earliest date of conception of the alleged invention claimed therein.

14. For each claim of the Patents-in-Suit, identify and produce all documents and things relating to the earliest date of reduction to practice of the alleged invention claimed therein.

15. For each of the Patents-at-Issue, identify and produce all documents and things relating to the prosecution of the application that became that patent, including, without limitation:

    a. all documents which provided the bases for any of said applications;

    b. all disclosures of the subject matter of any of said applications;

    c. all documents and things concerning the scope of the claims of such applications;

    d. all communications between the alleged inventor(s) and his/their patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications;

    e. all drafts of any of said applications;

    f. all documents concerning any actual or potential interference(s) regarding any of said applications;

    g. all documents concerning any actual or potential reissue application or re-examination request or proceeding regarding any of the Patents-at-Issue;

    h. all patents, publications, references or prior art, and all records or documents concerning any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed, or considered in connection with any of said applications;

    i. all copies (including drafts) of responses to Office Actions, amendments, affidavits, and other communications or submissions of any kind with or to the PTO with respect to any of said applications; and

    j. all inventor notes.

16. For the '510 patent, identify and produce all documents and things relating to the post-issuance prosecution of the '510 patent, including the request for the Certificate of Correction and Reissue Application.

17. Identify and produce all documents and things relating to Kodak's contention that the '510 patent is not unenforceable because of inequitable conduct committed before the U.S. Patent and Trademark Office by Kodak, or any other person having a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office regarding the applications that became the '510 patent.

18. For each person involved with prosecution of one or more Patents-in-Suit, identify and produce all deposition transcripts, trial transcripts, hearing transcripts, affidavits, and other litigation documents from all Kodak lawsuits and proceedings.

19. Identify and produce all documents and things relating to any obligation of or requirement for the listed inventors of one or more of the Patents-at-Issue to assign or transfer any rights to any invention claimed in one or more of the Patents-at-Issue to Kodak, or any other person, and any agreements compensating the inventors with respect to one or more of the Patents-at-Issue.

20. Identify and produce all employment agreements, confidentiality agreements, contracts, consulting agreements, and other documents related to employment of each of the listed inventors of one or more Patents-in-Suit.

21. Identify and produce all personnel files for each of the listed inventors of one or more Patents-in-Suit.

22. For each of the listed inventors of one or more Patents-in-Suit, identify and produce all deposition transcripts, trial transcripts, hearing transcripts, affidavits, and other litigation documents from all Kodak lawsuits and proceedings.

23. Identify and produce all documents relating to the preparation or filing of Information Disclosure Statements, including drafts, related patents, and publications pertinent to one or more of the Patents-at-Issue.

24. Identify and produce all documents relating to any communication between or among Kodak, Wang, or any third party related to one or more of the Patents-in-Suit, including, without limitation: (a) all documents relating to any valuation, analysis, or opinion of one or more of the Patents-at-Issue that were discussed, exchanged, communicated, created for or in preparation of, or that otherwise relate to this Litigation, including, without limitation, patent valuations, infringement analyses, invalidity analyses, claim scope analyses, enforceability opinions, or other opinions or analyses; (b) all documents relating to ownership of, license to, royalties in, or any other right in one or more of the Patents-at-Issue by Kodak, Wang, or any third party; and (c) all documents relating to any agreements to transfer or assign ownership of one or more of the Patents-at-Issue to Kodak.

25. All documents concerning (a) the relationship between Kodak and Wang, (b) agreements between Kodak and Wang, (c) consideration that has been or will be transferred between Kodak and Wang concerning rights to the Patents-in-Suit or the claims asserted in this lawsuit, and (d) Kodak's and Wang's interest, if any, in the Patents-in-Suit and financial interest, if any, in this lawsuit.

26. All communications between Kodak and Wang related to the Patents-at-Issue.

27. For each claim of the Patents-at-Issue, identify and produce all documents and things relating to any search for prior art for the subject matter shown, described, or claimed therein.

28. For each claim of the Patents-in-Suit, identify and produce all documents and things relating to Kodak's contention that such claim is not invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

29. For each claim of the Patents-in-Suit, identify and produce all documents and things relating to Kodak's contention that such claim is not invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

30. For each claim of the Patents-in-Suit, identify and produce all documents and things relating to Kodak's contention that such claim is not invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

31. For each of the Patents-in-Suit, identify and produce all documents that show the state of the art relative to the subject matter shown, described, or claimed in that patent on or before the date of invention of that patent.

32. For each of the Patents-in-Suit, identify and produce all documents relating to any alleged differences between the subject matter shown, described, or claimed in that patent and the state of the art relative to the subject matter shown, described, or claimed in that patent on or before the date of invention of that patent.

33. For each of the Patents-in-Suit, identify and produce all documents relating to the educational background, experience, and other necessary capabilities of one of ordinary skill in the art as of the asserted date of invention for that patent.

34. Identify and produce all documents relating to any alleged long-felt need for any of the subject matter shown, described, or claimed in one or more of the Patents-in-Suit.

35. Identify and produce all documents relating to any alleged commercial success of any of the subject matter shown, described, or claimed in one or more of the Patents-at-Issue.

36. Identify and produce all documents relating to any alleged failed attempts by others to invent any of the subject matter shown, described, or claimed in one or more of the Patents-at-Issue.

37. Identify and produce all documents and things relating to Kodak's contention that it marked any of the relevant products as required by 35 U.S.C. § 287.

38. All documents concerning any research, design, development, construction, testing, surveys and/or evaluation of any commercial embodiments of, or products made according to, or apparatus for carrying out all of any part of, the subject matter described and claimed in the Patents-at-Issue, including but not limited to all specifications, work instructions, schematics, drawings, blueprints, and/or diagrams for such embodiments or products.

39. All drawings, schematics, brochures, and other documents relating to each of Kodak's products within the scope of any claim of the Patents-in-Suit.

40. All documents concerning Kodak's strategies and approaches for marketing and selling products within the scope of any claim of the Patents-in-Suit.

41. All marketing and/or promotional materials (e.g. advertising materials) created by or for Kodak or sanctioned by Kodak, for each of Kodak's products within the scope of any claim of the Patents-in-Suit.

42. All documents concerning assessments or evaluations of each of Kodak's products and/or devices within the scope of any claim of the Patents-in-Suit manufactured, marketed or sold by companies other than Kodak.

43. All documents concerning forecasted/planned/budgeted sales of Kodak's products within the scope of any claim of the Patents-in-Suit including but not limited to forecasts, plans, and/or budgets for future sales, board meeting minutes, and/or internal memoranda.

44. Representative and summary documents reflecting actual sales of Kodak's products within the scope of any claim of the Patents-in-Suit.

45. One sample of each version of each Kodak product allegedly covered by any of the Patents-in-Suit.

46. Identify and produce all documents and things relating to Kodak's contention that it gave proper notice to RIM that its actions allegedly infringed each of the Patents-in-Suit.

47. Identify and produce all documents and things relating to Kodak's contention that it otherwise gave proper notice to RIM that its actions allegedly infringed each of the Patents-in-Suit.

48. Identify and produce all documents and things relating to Kodak's contention that its attempted enforcement of the Patents-in-Suit against RIM is not barred by laches and/or estoppel.

49. Identify and produce all documents and things relating to Kodak's contention that its attempted enforcement of the Patents-in-Suit against RIM is not barred in whole or in party by the doctrine of prosecution laches and/or prosecution history disclaimer.

50. Identify and produce all documents relating to the scope and/or construction or possible construction of every element or term of the claims of the Patents-in-Suit.

51. Identify and produce all documents authored or contributed to by each person that you intend to offer as an expert witness related to the subject matter identified for his testimony, all documents that you or anyone acting on your behalf has shown or otherwise made available to such experts, all documents identified or received by each expert relating to this case, and all requests of each such expert for information or documents.

52. Identify and produce all documents that Kodak may or will seek to offer into evidence at trial or hearing in this Litigation or as part of any submission to the Court.

53. Identify and produce all sworn testimony of any witness who has testified, is scheduled to testify, or is subpoenaed to testify—either through deposition testimony or hearing testimony—on behalf of Kodak in this Litigation, including any current or former Kodak employee noticed for deposition, any expert identified by Kodak, or any individual Kodak intends to call as a witness at the evidentiary hearing, including deposition testimony or trial or hearing testimony, and any corresponding exhibits presented to the witness during examination.

54. Identify and produce all documents produced by Kodak in any lawsuit brought by Kodak asserting one or more of the Patents-at-Issue.

55. Identify and produce documents and things sufficient to show the corporate and management structure of Kodak.

56. Identify and produce all documents and things relating to any Kodak corporate board meeting relating to or concerning this lawsuit, including, but not limited to, minutes of such Kodak corporate board meetings.

57. Identify and produce documents and things sufficient to show all documents, storage, creation, retention, or disposition policies, plans, and procedures of Kodak, and all documents and things that relate to the actual compliance or non-compliance with such document storage, creation, retention, or disposition policies, plans, and procedures.

58. Identify and produce all documents and things relating to any Kodak memorandum, communication, or report relating to or concerning this lawsuit.

59. Identify and produce all prior art produced in all Kodak lawsuits and proceedings involving the Patents-at-Issue.

60. Identify and produce all litigation documents created, generated, or produced by Kodak in all Kodak lawsuits or proceedings involving the Patents-at-Issue (to the extent not

already produced in this litigation, including, but not limited to, all pleadings, discovery requests, discovery responses, deposition transcripts, and document production).

Dated:  March 23, 2009

Respectfully submitted,

By: /s/ Thomas H. Reger II
Thomas M. Melsheimer
Texas Bar No. 13922550
melsheimer@fr.com
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone:  (214) 747-5070
Facsimile:  (214) 747-2091

OF COUNSEL:
Ruffin B. Cordell
Texas Bar No. 04820550
cordell@fr.com
FISH & RICHARDSON P.C.
1425 K Street N.W., 11th floor
Washington, DC 20005-3500
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

Attorneys for Plaintiffs-Counterclaim
Defendants, RESEARCH IN MOTION LTD.
and RESEARCH IN MOTION CORP.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 23, 2009, to all counsel of record via e-mail.

                                                /s/ Thomas H. Reger II  
                                                Thomas H. Reger II