# EXHIBIT E

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

1717 MAIN STREET
SUITE 5000
DALLAS, TEXAS
75201

Telephone
214 747-5070

Facsimile
214 747-2091

Web Site
www.fr.com

**Thomas H. Reger II**
214 292-4084

Email
Reger@fr.com

November 23, 2009

Mark M. Supko, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue N.W.
Washington, D.C. 20004



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   *Research In Motion v. Eastman Kodak Company*
      USDC-N.D. TX - 3:08-cv-02075-K

Dear Mark:

In the Scheduling Order in this case, the Court ordered that all motions for leave to amend pleadings must be filed by December 1. As such, and as I've noted several times, RIM expects to file a Motion for Leave to Amend its Complaint to add additional facts and defenses. At the same time, even while not a pleading, RIM plans to file a Motion for Leave to Amend its Invalidity Contentions. These amendments will be based on information learned from Kodak after the respective filing or service; please let me know by Wednesday if RIM can file these motions as unopposed.

The Amended Complaint will add a licensing defense, a patent exhaustion defense, and add further details to unenforceability defenses. Turning first to the licensing and patent exhaustion defenses, there should be little doubt that post-filing discovery included issues related to licenses.[1] Recently, the Parties conferred on various production disputes, including licenses in Kodak's possession. During the conference, I again noted – and your most recent letter acknowledged – that RIM expected to amend its Complaint based on these licenses. While Kodak agreed to produce many of the remaining licenses by November 24, RIM has a good faith basis to add these defenses based on certain licenses received with Kodak's recent productions.

With respect to the unenforceability claims, RIM will amend its Complaint to add new facts learned through discovery related the "camera patents." For example, Kodak produced some written responses and discovery from other litigations that involve undisclosed information about prosecution of one or more of the camera patents. Kodak also produced some written responses and other discovery from this litigation that involve undisclosed information about prosecution of one or more of the camera patents. Further, RIM took depositions of a few named inventors of these

---

[1]   If more details are desired, please refer to my letter of November 2.

FISH & RICHARDSON P.C.

Mark M. Supko, Esq.
November 23, 2009
Page 2

patents who discussed undisclosed information about one or more of the camera patents. Please let me know if Kodak will oppose our Motion for Leave to Amend the Complaint.

The Supplemental Invalidity Contentions will i) chart Kodak production and information against the '335 Patent; and ii) chart Kodak production from the Sun litigation against the '161 Patent. RIM has continued to diligently and in good faith pursue additional prior art, namely that in the custody or control of Kodak. First, RIM served prior art discovery requests on Kodak nearly four months before RIM's contentions were due. Second, RIM explicitly incorporated by reference all prior from other litigations and proceedings involving one or more of the patents-in-suit. When questioned on this, I explained that:

> RIM document requests from four months ago specifically requested prior art from other actions. Yet, to date, I am aware of no prior art lists or § 282 notices, no charts, no prior art documentation, and no expert reports from other litigations, such as the pending ITC action, that have been produced by Kodak. Because of Kodak's failure, which should provide good cause for RIM to supplement its invalidity contentions, RIM's invalidity contentions specifically "incorporates by reference all prior art identified by Sun in Civil Action No. 02-cv-6074T, as well as all prior art from ITC Inv. No. 337-TA-663 attached hereto as Exhibit E." And RIM attached Exhibit E from that pending ITC action, from which Kodak has yet to produce any information. Further, despite the late hour, RIM charted a number of these references, including 4,837,628 to Sasaki, 5,173,779 to Lee, 5,067,019 to Juday, 4,774,562 to Chen, and JP04-035181 to Tsukamoto. With that in mind, RIM expects Kodak to produce the requested prior and co-pending litigation documents, including deposition transcripts and expert reports, by August 10, 2009.

Third, RIM deposed several named inventors and immediately notified Kodak of its intent to supplement the invalidity contentions with facts learned through testimony and concurrent production of documents by Kodak. Specifically, the morning after RIM deposed Mr. Vogel, I sent the following email to you and Ms. Clune:

> We are continuing to review the recent production of 100,000 pages by Kodak (representing over 1/3 of the total production by Kodak). That being said, in view of
>
> > 1) this production of 100,000 pages by Kodak,

Pl. App. No. 77

Fɪsʜ & Rɪcʜᴀʀᴅsᴏɴ ᴘ.ᴄ.

Mark M. Supko, Esq.
November 23, 2009
Page 3

> 2) the below additional designations by Kodak of prior art and other pre-filing activities (these new designations come three months after Kodak's initial designations and one month after RIM's invalidity contentions), and
>
> 3) the depositions over the past two weeks of Kodak employees listed as inventors on the 335 patent (Mr. Parulski and Mr. Vogel),
>
> RIM expects to supplement its invalidity contentions to the 335 patent to provide further detail on Kodak projects, programs, and products (needless to say, the prior art is already known to Kodak). Please let me know if Kodak opposes this supplement. If so, then I request that we promptly conduct the meet and confer so that RIM can file its Motion in support of the supplement.
>
> On a related note, please let me know when RIM will receive Kodak's production of prior art identified by earlier litigants and licensees, such as Sun. These outstanding documents were requested by RIM back in March and, as I mentioned in my letter a few weeks ago, will potentially be used to further supplement our invalidity contentions.

No opposition was voiced to RIM's amending the Invalidity Contentions on the '335 Patent. And just before RIM's deposition of Mr. Khoyi, Kodak produced 5 disks of prior art identified by Sun with respect to the '161 Patent.[2] At the opening of this deposition, I put into the record that:

> RIM recently received an offer to review 94 boxes of materials from a prior litigation involving a patent at issue in this deposition. We also yesterday received five disks of materials from that same patent litigation. We have been asking for the materials since March. We haven't had an opportunity to review the boxes or the disks of materials.
>
> My understanding is the disks include prior art references that we expect to review and likely supplement our invalidity contentions.[3]

Accordingly, RIM believes that it has good cause and will request that the Court grant leave for RIM amend its Invalidity Contentions.

---

[2]   This production was two months after RIM served its invalidity contentions and six months after RIM's first set of document requests (see, e.g., No. 59 "Identify and produce all prior art produced in all Kodak lawsuits and proceedings involving the Patents-at-Issue.").

[3]   *See* Deposition of Dana Khoyi, Page 7:11 to 7:22.

FISH & RICHARDSON P.C.

Mark M. Supko, Esq.
November 23, 2009
Page 4


In short, RIM believes that it has good cause to make both amendments and that it has provided due notice to Kodak, particularly given that the information came from Kodak. If Kodak does not oppose the motions, then RIM will file a simple unopposed motion for each.[4] Please let me know if Kodak will oppose either motion by noon on **Wednesday, November 25**.

Very truly yours,

Thomas H. Reger II

---

[4] For example, with respect to the Invalidity Contentions, RIM would file an unopposed motion that would simply state that the newly discovered prior art references were not known to RIM prior to service of the contentions despite diligence in seeking out the references pursuant to P.R. 3-7.